UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

JOHN MITCHELL,
　　　　　　　*Defendant-Appellant.*

No. 02-4023

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge;
Welton Curtis Sewell, Magistrate Judge.
(CR-01-421)

Submitted: December 12, 2002

Decided: January 31, 2003

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Jeffrey D. Zimmerman, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Vidya Kurella, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

John Mitchell appeals his conviction and four month sentence for possession of marijuana and giving false information. Mitchell challenges the district court's ruling denying his motion to suppress. We affirm.

We conduct a de novo review of the ultimate ruling on a suppression motion and review factual findings underlying the ruling for clear error. *United States v. Simons*, 206 F.3d 392, 398 (4th Cir. 2000), *cert. denied*, 122 S. Ct. 292 (2001). When a suppression motion has been denied, we view the evidence in the light most favorable to the Government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Mitchell contends he was stopped and frisked in violation of the Fourth Amendment. An officer may seize a person if the officer can articulate reasonable suspicion that the person has just committed or is about to commit a crime and may pat down the person's outer clothing for weapons if the officer reasonably believes that the person may be armed. *Terry v. Ohio*, 392 U.S. 1, 21-22, 27 (1968). To justify an investigatory detention, an officer must be able to point to specific and articulable facts that taken together with rational inferences from those facts, reasonably warrant that intrusion. *Id.* at 22. Given the totality of the circumstances, we find that the officers had a reasonable, articulable suspicion to conduct a *Terry* stop and frisk.

Mitchell contends his warrantless arrest and search violated his rights under the Fourth Amendment. Probable cause to arrest exists if "at that moment the facts and circumstances within [the agents'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [defendant] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Mitchell provided probable cause for his arrest by attempting to flee police, *see United States v. Martinez-Gonzales*, 686 F.2d 93, 100 (2d Cir. 1982), and by refusing to provide identification in violation of 10 U.S.C. § 2674 (2000) and 32 C.F.R. § 234.3(b) (requiring persons entering Pentagon Reservation to pro-

vide identification on request). *See Atwater v. City of Lago Vista*, 532 U.S. 318 (2001) (finding commission of criminal offenses, including misdemeanors, sufficient for warrantless arrest).*

Mitchell contends the district court erred in admitting a statement he made during booking after he had invoked his right to counsel. The constitutional protection against compelled self-incrimination also includes a right to have counsel present during custodial interrogation. *See Miranda*, 384 U.S. at 474 (1966). "[A]n accused . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). Questions normally attendant to arrest and custody do not constitute interrogation for *Miranda* purposes. *See South Dakota v. Neville*, 459 U.S. 553, 564 n.15 (1983); *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). We find the record amply supports the district court's finding that Mitchell's statement was made voluntarily and was not elicited through interrogation. Thus, the court did not err in refusing to suppress the statement.

Accordingly, we affirm Mitchell's conviction and four month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Mitchell's contention that the search incident to his warrantless arrest was unconstitutional is irrelevant to an analysis of whether his suppression motion should have been granted because the only item recovered from the search, a cigarette lighter, did not incriminate him. Nevertheless, once the officers had probable cause to arrest, a search incident to arrest was properly commenced. *See United States v. Miller*, 925 F.2d 695, 698-99 (4th Cir. 1991).